```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VALPA C. ROSA, JR.,<br><br>    Plaintiff,<br><br>v.<br><br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>    Defendant. | April 16, 2018EROME B. SIMANDLE<br><br> s/ Jerome B. Simandle<br>  No. 16-cv-8411(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Valpa C. Rosa, Jr., Plaintiff Pro Se
519 York Street, Apt. 1
Burlington City, NJ 08016

**SIMANDLE, District Judge:**

I.   **INTRODUCTION**

    Plaintiff Valpa C. Rosa seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint will proceed in part.

## II. BACKGROUND

The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF as he was confined in an overcrowded, unsanitary facility. Complaint § III(B). Plaintiff complains of "inhumane situations sleeping on dirty floors very close to inmates . . . Of course the rooms were nasty[,] full past the capacity. Stink." *Id.* (referred to as "Overcrowding Claim").

Plaintiff states that the alleged overcrowding "aggravated my back [and] left side hip" and gave him "sciatic nerve damage." *Id*. § IV. The Complaint alleges that Plaintiff "repeatedly told [CCCF correctional] officers of my medical situation (TB) of the spine degenerative bone disease very painful a delicate issue and other combat related injuries 2 times from Iraq. Officers just pushed me in, slammed the door [and] didn't pay any attention to my statements." *Id*. § III(C) (referred to as "Excessive Force Claim").

In addition to identifying CCCF as a defendant in this case (*id*. page 1), the Complaint lists the following "Camden County Correctional officer[s]": "Officer Bradley, Officer Vineer,

2

Officer Carmichael, [and] Officer Connely" (collectively referred to as "the Individual Defendants"). *Id*. § I(B).

Plaintiff states he was detained at CCCF "in 2012 to 2014." *Id*. § III(B).

Plaintiff requests "$11,000 pain & suffering." *Id*. § V.

### III. **STANDARD OF REVIEW**

#### A. **Standards for a Sua Sponte Dismissal**

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

   B. **Section 1983 Actions**

   A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. **DISCUSSION**

   Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF due to overcrowding and

excessive force. Plaintiff's claims will be proceeded in part and dismissed in part.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

**A.** **<u>Claims Against CCCF</u>:** Plaintiff's claims against CCCF must be dismissed with prejudice because CCCF is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern*

*State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

    B.    **Overcrowding Claim:** Construing the Complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutionally overcrowded conditions of confinement against the Individual Defendants. Specifically, Plaintiff alleges that the overcrowded conditions of "sleeping on dirty floors very close to inmates" led to "aggravat[ion]" of his spine injuries and bone disease, about which he "repeatedly told" (Complaint §§ III(C), IV) the Individual Defendants. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. The Overcrowding Claim shall therefore be permitted to proceed against the Individual Defendants in their individual capacities.

    C.    **Excessive Force**: Construing the Complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutionally excessive use of force against the Individual Defendants. Specifically, Plaintiff alleges that the correctional officer defendants "just pushed me in, slammed the door, [and] didn't pay any attention" when Plaintiff "repeatedly told" them of his "spine degenerative bone disease . . . and other combat related

6

injuries 2 times from Iraq" that were purportedly being "aggravated" from "sleeping on dirty floors." *Id*. §§ III(C), IV. To state a claim based on the use of excessive force, a plaintiff must show that "officials applied force maliciously and sadistically for the very purpose of causing harm or that officials used force with a knowing willingness that harm would occur." *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994). Particularly, an inmate must satisfy both an objective element and a subjective element: (1) the objective element questions whether the deprivation of a basic human need is sufficiently serious; and (2) the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834; *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Where the claim is one of excessive use of force, the core judicial inquiry as to the subjective component "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Ingalls v. Florio*, 968 F. Supp. 193, 199 (D.N.J. 1997) (citing *Hudson v. McMcMillan*, 503 U.S. 1, 7 (1992)); *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). First, the Complaint here identifies two conditions suffered by Plaintiff – "spine degenerative bone disease" and "sciatic nerve damage" -- that are plausibly "serious" and can cause grave harm if ignored or aggravated. It is, therefore, plausible that Plaintiff has

7

grounds to allege facts establishing the constitutional test's "basic human need" first element. Second, Plaintiff's contention that the Individual Officers "just pushed me in, slammed the door [and] didn't pay any attention to my statements" (*id.* § III(C)) meets the test's "culpable state of mind" prong for purposes of § 1915 screening. The Court finds that the Complaint's Excessive Force Claim plausibly states a cause of action and shall therefore be permitted to proceed against the Individual Defendants in their individual capacities.

**<u>Proceeded Claims</u>:** However, to the extent the Complaint seeks relief for conditions Plaintiff encountered during periods of confinement at CCCF ending prior to November 10, 2014, those claims are barred by the two-year statute of limitations for claims under 42 U.S.C. § 1983 and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Plaintiff alleges the events giving rise to his claims occurred while he was detained between "2012 to 2014." Complaint § III(B). Allegedly unconstitutional overcrowding and excessive force would have been immediately apparent during detention; therefore, the statute of limitations for claims arising from incarcerations from which Plaintiff was released prior to November 10, 2014 expired before this Complaint was filed.[1] Because the Complaint does not state precisely when these claims arose, the Court does not determine whether all claims are time-barred. Plaintiff's Overcrowding and Excessive Force Claims may proceed only as to claims regarding incarcerations from which he was released on or after November 10, 2014.

V. **CONCLUSION**

Plaintiff's Complaint is dismissed in part and shall proceed in part. The Complaint: (1) is dismissed with prejudice

---

[1] Although courts may extend statutes of limitations in the interests of justice, certain circumstances must be present. Tolling is not warranted here because Plaintiff has not been "actively misled" as to the existence of his causes of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claims, and there is nothing to indicate he filed his claims on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

as to the CCCF; and (2) shall proceed on the Overcrowding Claim and Excessive Force Claim against the Individual Defendants.

An appropriate order follows.

**April 16, 2018**                             **s/ Jerome B. Simandle**
**Dated:**                                      JEROME B. SIMANDLE
                                                 U.S. District Judge